UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13CR87 CDP |
| | ) | |
| FRANCIS NDEGWA NYAGA, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

This matter is before the Court on defendant Francis Ndegwa Nyaga's motion to suppress evidence and motion to dismiss the indictment. Nyaga is charged with possession of a counterfeit permanent resident card (green card) on or about April 25, 2012. The case is set for trial on July 1, 2013.

Pursuant to 28 U.S.C. § 636(b), the motions were referred to United States Magistrate Judge Thomas C. Mummert. Judge Mummert held an evidentiary hearing and thereafter filed his Report and Recommendation regarding the defendant's motions. He recommended that both motions be denied. Defendant filed timely objections to the Report and Recommendations. I have conducted *de novo* review of all matters pertinent to the motions, including listening to the recording of the hearing and reviewing the exhibits that were submitted. Although I agree with some of defendant's minor objections to Judge Mummert's findings

of fact, none of those matters changes the outcome of the motions, and so I will deny the motions.

**Motion to Suppress**

Nyaga argues that the search conducted of his papers exceeded the scope of his consent to search. Judge Mummert's factual findings are all correct with regard to the search, and there is no basis to suppress the evidence. On April 25, 2012, Immigration Agent Othic approached Nyaga outside his apartment for the purpose of asking him questions related to an investigation into human trafficking. As it developed, no human trafficking charges were ever substantiated or brought as a result of that investigation. But when Agent Othic spoke to Nyaga he readily and voluntarily admitted that he did not have legal status and was in the country illegally. Agent Othic then lawfully detained him on suspicion of violating the immigration laws. Nyaga voluntarily agreed that Agent Othic could enter his apartment (in fact, he unlocked the doors), and he directed Agent Othic to a bag where his passport could be found. Once inside the apartment, Nyaga knowingly and voluntarily agreed that agents could search the paperwork that was visible in the apartment. He signed a consent to search form. Agents gathered papers that they believed might be relevant to his immigration status, and took those papers,

along with defendant, back to their ICE office. Once they were back in the office, they examined the papers and discovered the counterfeit green card.

Nyaga argues that the court should find that the consent was limited to searching only for his identity documents, but this would be an unreasonable determination of the facts. The only "evidence" that Nyaga points to in support of this purported fact is that Agent Othic did not remember all the details of the search. I listened to the recording and to the cross-examination, and Agent Othic's inconsistencies were the type of minor misrecollections that are not at all unusual. There is nothing about his testimony that would support defendant's factual assertions; to the contrary, his testimony wholly supports Judge Mummert's findings. The consent to search was validly given, was made knowingly and voluntarily while Nyaga was in the apartment, and the consent encompassed the search that actually took place. There is no basis to suppress the evidence.

**Motion to Dismiss**

Nyaga argues that the indictment should be dismissed because the government violated his rights under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* He argues that the Act required the government to bring an indictment against him within thirty days of his arrest on April 25, 2012. Nyaga was in ICE custody until his release on bond by an immigration judge on May 24, 2012. The

grand jury returned the indictment in this case on March 7, 2013. Nyaga voluntarily surrendered on the resulting warrant on March 14, 2013, appeared with counsel before a Magistrate Judge that same day, and was then released on bond on the criminal case.

The Speedy Trial Act does not apply to immigration deportation proceedings. *United States v. Grajales-Montoya*, 117 F.3d 356, 366 (8th Cir. 1997). Judge Mummert correctly found that Nyaga's arrest on April 25, 2012 was an immigration arrest, because of his admission to the ICE agents that he had no legal right to be in the country.

Nyaga argues, however, that the "ruse exception" to the Speedy Trial Act applies. The ruse exception has been recognized in circumstances where an immigration arrest is used as a ruse to extend the time limits of the Speedy Trial Act, so that authorities will have more time than the act allows to seek an indictment. *See id.* But the evidence provides no support for such a conclusion in this case. All the evidence shows that Nyaga was arrested because of his immigration status. He was placed into removal proceedings, he was told his rights as a detained immigrant, and he was ultimately released on bond by an immigration judge. I reject defendant's arguments that the ICE agent's failure to follow precisely all usual immigration procedures shows that the arrest was a ruse

for continuing the criminal investigation. It is undisputed that the agents had not even found the counterfeit green card which forms the basis of the indictment until after they had arrested Nyaga and brought him to their offices. And the government gained no tactical or other advantage in this criminal proceeding by keeping Nyaga in ICE custody for the month before he was released on the immigration bond. Although the criminal investigation into human trafficking began this chain of events, agents did not have, nor do they claim to have ever had, any reason to arrest Nyaga on those charges.

This case does not fit the ruse exception. Although I agree that certain findings of the Magistrate Judge are not supported by the evidence, none of those facts have any affect on this conclusion. Specifically, I agree that there is no evidence that Nyaga was a party to a contract relating to his ex-wife's employment, but that makes absolutely no difference. And the Magistrate Judge's finding that Agent Othic was not the lead investigator may not or may not be correct – the evidence is very inconclusive on this immaterial fact. Other than those two immaterial facts, Judge Mummert's findings are wholly supported by the evidence.[1]

---

[1]Nyaga's argument that Judge Mummert incorrectly found there was no collusion is as circular as it is immaterial: Nyaga argues that Othic could not have colluded with himself, and so Judge Mummert's finding is incorrect, but if Othic could not have colluded with himself, there was

After fully considering the motions and the Report and Recommendation, I will adopt and sustain the thorough reasoning of Judge Mummert set forth in support of his recommended rulings issued on May 16, 2013.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of the United States Magistrate Judge [#31] is **SUSTAINED, ADOPTED, and INCORPORATED** herein.

**IT IS FURTHER ORDERED** that defendant's motion to suppress evidence [#24] and motion to dismiss indictment [#25] are denied.

**IT IS FURTHER ORDERED** that a final pretrial conference will be held in this case on <u>**Wednesday, June 26, 2013 at 2:30 p.m.**</u>

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 17th day of June, 2013.

---

no collusion, so Judge Mummert's finding is correct. More importantly, this circular argument has no affect on the ultimate legal conclusion that the immigration arrest was not a ruse to violate the Speedy Trial Act.